**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **DERRICK DUJUAN GREATHOUSE,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 2:16-01611** |
| | ) | **(Criminal No. 2:13-00278)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on February 16, 2016.[1] (Document No. 81.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 83.)

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.      Criminal Action No. 2:13-00278:**

On June 11, 2014, Movant pled guilty to a Single-Count Indictment charging him with Possession with Intent to Distribute 28 grams or more of Cocaine Base in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 2:13-00278, Document Nos. 65 – 67.) A Presentence Investigation Report was prepared. (Id., Document No. 74.) The District Court determined Movant had a Base Offense Level of 30, and a Total Offense Level of 27, the Court having applied a three-

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. (Id.) Movant was sentenced on November 18, 2014. (Id., Document Nos. 71 and 72.) The District Court ordered that Movant serve a 70-month term of imprisonment to be followed by a five-year term of supervised release.[2] (Id.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his conviction or sentence to the Fourth Circuit Court of Appeals.

On February 8, 2016, Movant filed a letter-form Motion requesting a 60-day extension of time to file his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Id., Document No. 80.) By Order entered on February 11, 2016, the District Court determined that it did not have authority to grant such relief and denied the letter-form Motion. (Id., Document No. 79.)

On June 29, 2016, Movant, acting *pro se*, filed a Motion to Modify Sentence. (Id., Document No. 91.) Specifically, Movant requested that the Court modify his sentence "in light of an amendment to U.S.S.G. § 5G1.3, see U.S.S.G. Amendment 782, 787, & 789, empowering District Courts to set sentence to reflect time that a defendant has served in state custody that the FBOP cannot credit to the service of the defendant's federal sentence." (Id.) By Order entered on July 13, 2016, the District Court denied Movant's above Motion finding that U.S.S.G. §§ 5G1.3(b) and (c) were inapplicable to Movant's circumstances. (Id.) Specifically, the Court determined that Movant had no "'offense that is relevant conduct' pertinent to the sentence that defendant received." (Id.)

**B.     Section 2255 Motion:**

---

[2] The District Court determined that Movant was subject to the advisory guideline range of 87 to 108 months. (Criminal Action No. 2:13-00278, Document No. 73.) The District Court sentenced Movant below the advisory Guideline Range. (*Id.*)

On February 16, 2016, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum in Support. (Civil Action No. 2:16-01611, Document Nos. 81 and 82.) As grounds for *habeas* relief, Movant first alleges that he was subjected to ineffective assistance of counsel. (Id., Document No. 82.) Movant explains that counsel acted effectively in failing to challenge the legality of his arrest warrant, the illegal search of his vehicle without a search warrant, and the use of "tainted evidence" concerning the weight of cocaine seized. (Id.) Second, Movant alleges that the Court "lacked jurisdiction to sentence Greathouse to tainted/tampered evidence." (Id.) Movant complains that "[t]he stipulation of facts were based on inaccurate records that 205 grams of cocaine was seized, when in fact, the correct record accurately reflects a suspected 336 grams was seized." (Id.)

## ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f). Movant's Judgment Order was entered on December 2, 2014, and his sentence

became final 14 days later when he did not file a Notice of Appeal (December 17, 2014). On January 26, 2016,[3] nearly one month and two weeks after the one-year period expired, Movant filed the instant Motion raising issues challenging his conviction and sentence in Criminal Action No. 2:13-00278. (Civil Action No. 2:16-01611, Document No. 81.) Movant's Motion is clearly untimely under Section 2255(f)(1). Further, there is no allegation or indication by Movant that his Section 2255 Motion is timely because one of Section 2255(f)'s other subsections applies. Specifically, Movant does not allege an impediment preventing the timely filing of his Motion, a newly recognized right by the Supreme Court, or newly discovered evidence. Therefore, the undersigned finds that Movant's Section 2255 Motion is untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply

---

[3] Although Movant's Section 2255 Motion was received and filed by the Clerk on February 16, 2016, Movant declares under the penalty of perjury that his Section 2255 Motion was placed in the prison mailing system on January 26, 2016. The "prison mailbox rule" as announced in *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988), requires the court to consider an inmate's submission as filed when he delivers it to prison officials for mailing. *Also see Lewis v. Richmond City Police Department*, 947 F.2d 733, 735-36 (4th Cir. 1991). Therefore, the Court will consider Movant's Motion as filed on January 26, 2016. The undersigned, however, notes that by letter dated February 3, 2016, Movant indicated that he had not yet filed his Section 2255 Motion and requested that the Court grant him a 60-day extension of time to do so. (Criminal Action No. 2:13-00278, Document No. 80.) After the Court denied Movant's request for an extension of time, the Court received Movant's Section 2255 Motion declaring that such was placed in the prison mail on January 26, 2016.

only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file his Section 2255 motion on time. Movant, however, fails to indicate any factor beyond his control that prevented him from presenting his claim in a timely

manner. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. As stated above, ignorance of the law is not a valid basis for equitable tolling. Therefore, Movant is hereby notified in accordance with the Fourth Circuit's decision in Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), that the undersigned recommends that his Section 2255 action be dismissed as untimely unless Movant can demonstrate that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 81), and **REMOVE** this matter from the Court's docket unless Movant can demonstrate within the period of time allotted for objecting to this Proposed Findings and Recommendation that the Motion was filed within the proper time period or circumstances exist which would permit equitable tolling of the limitation period.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which

objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, and counsel of record.

Date: September 14, 2018.

_____
Omar J. Aboulhosn
United States Magistrate Judge